[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10831
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 21, 2011
JOHN LEY
CLERK

D.C. Docket No. 4:10-cr-00070-RH-WCS-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCUS KNIGHT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(October 21, 2011)

Before EDMONDSON, CARNES, and KRAVITCH, Circuit Judges.

PER CURIAM:

Marcus Knight appeals his 120-month sentence, imposed at the bottom of

his applicable guideline range, after a jury found him guilty of one count of

conspiracy to distribute cocaine. Knight contends that the district court clearly erred in not granting him a two-level reduction for acceptance of responsibility.

I.

Knight was arrested after a Drug Enforcement Administration informant arranged to purchase cocaine from someone else through Knight. After being advised of his Miranda rights, Knight admitted that he had done "at least a hundred" similar deals over a period of five years. Knight was indicted for conspiracy to distribute, and possess with intent to distribute, 500 or more grams of cocaine. While Knight did not concede guilt at trial, he presented no defense and generally contested only the amount of drugs. A jury was unable to determine whether he was responsible for that amount of cocaine, and he was convicted of a lesser included offense. See 21 U.S.C. § 841(b)(1)(C).

The presentence investigation report assigned Knight a base offense level of 28 under U.S.S.G. § 2D1.1(a)(5), (c)(6) and did not apply a two-level reduction for acceptance of responsibility under § 3E1.1. Knight objected to the base offense level calculation and to the denial of a reduction for acceptance of responsibility. At the sentence hearing, the district court agreed that the PSR incorrectly calculated the amount of drugs involved and reduced the base offense level to 26 under § 2D1.1(c)(7).

Also at the sentence hearing, Knight stated, "I wasn't that picture they painted of me being a drug dealer. I was just a drug user." He also suggested a recording of his statement "would have made a big difference," because the DEA was "basically telling a lie." The district court denied the acceptance of responsibility reduction. It explained that Knight's statements were inconsistent with acceptance of responsibility because he still denied being a drug dealer. Knight's offense level of 26 and his criminal history category of VI resulted in a guidelines range of 120 to 150 months, and the court sentenced him to 120 months imprisonment.

## II.

"We review a denial of a reduction of sentence for an acceptance of responsibility for clear error, and that finding is entitled to great deference on review and should not be disturbed unless it is without foundation." United States v. Knight, 562 F.3d 1314, 1322 (11th Cir. 2009) (quotation marks omitted). The district court denied the § 3E1.1 reduction based on Knight's own statements at the sentence hearing. In light of those statements, we cannot say the court erred, much less clearly erred.

**AFFIRMED**.